# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

BRANDON D. MACON,

        Plaintiff,

v.

HENNEPIN COUNTY CHILD
SUPPORT OFFICE and JOHN/JANE
DOES 1–10,

        Defendants.

Case No. 26-CV-1340 (MJD/SGE)


**ORDER**

---

Brandon D. Macon, <u>pro se</u>.


This matter is before the Court on Plaintiff Brandon D. Macon's Civil Complaint for Damages and Declaratory Relief (Doc. 1 ("Complaint")) and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3 ("IFP Application")).  For the following reasons, the Court dismisses this action and denies the IFP Application as moot.

Macon is an adult who lives in Scottsdale, Arizona—indeed, he originally filed this action in the U.S. District Court for the District of Arizona before it was transferred here.  (<u>See</u> Compl. 1; Doc. 6 ("Transfer Order").)  The remaining

Defendants[1] are (1) the "Hennepin County Child Support Office," and (2) "John/Jane Does 1–10," referring to unknown individuals allegedly responsible for "decisions or failures that harmed" Macon.  (Compl. ¶¶ 5–7.)

Macon alleges that during his childhood and teenage years in Minnesota, he experienced prolonged homelessness.  (Id. ¶ 8.)  He asserts that Defendants failed to identify or protect him, despite what he describes as "clear signs he was a vulnerable minor."  (Id. ¶ 9.)  After these difficulties, Macon alleges he relocated from Minnesota and achieved professional and financial success in Arizona.  (See id. ¶¶ 11–14.)

This period of stability ended when Macon suffered a "serious stroke that left him medically incapacitated."  (Id. ¶ 15.[2])  While he was incapacitated, Macon alleges, the State of Minnesota initiated or continued legal and financial enforcement actions against him.  (See id. ¶¶ 16–17.)  Specifically, he contends that the State imposed "obligations" on him by relying on "false income data,"

---

[1] Macon originally named the State of Minnesota and the Minnesota Department of Human Services as Defendants as well.  (See Compl. ¶¶ 1, 2.)  U.S. District Judge Michael T. Liburdi dismissed those defendants for lack of subject-matter jurisdiction when he transferred this action to this District.  (See Doc. 6 (Transfer Order).)

[2] The Complaint does not say when this stroke occurred.

"outdated records," and "incorrect financial assumptions." (Id.) He claims the State acted "without verification" of his financial status, "without investigation," and "without due process." (Id. ¶ 17.) He also alleges that the State failed to provide an unspecified "disability accommodation." (Id.)

The Complaint attributes these enforcement actions broadly to "Minnesota," "agencies," and "Defendants," without tying any specific action or decision to the "Hennepin County Child Support Office" or any particular John or Jane Doe Defendant. (See, e.g., Compl. ¶¶ 15–18.)

Construing the Complaint liberally, the Court identifies the following six causes of action.[3]

- Count I alleges that Defendants violated Macon's due-process rights under the Fourteenth Amendment by "impos[ing] legal and financial obligations without adequate hearings, investigation, or accurate information." (Id. ¶ 21.)

- Count II asserts that Defendants violated Macon's equal-protection rights by "treat[ing] [him] differently than similarly situated individuals, including" by "ignoring disability documentation." (Id. ¶ 22.)

---

[3] Macon does not cite 42 U.S.C. § 1983 by name, but the Court construes his Fourteenth Amendment due-process and equal-protection claims as arising under that statute. Section 1983 is the exclusive vehicle for pressing constitutional rights against state and local actors. See, e.g., Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992); Smuda v. Futchko, No. 25-CV-1721 (JRT/JFD), 2025 WL 2622608, at *2 n.3 (D. Minn. May 5, 2025) (citing Azul-Pacifico), R&R adopted, 2025 WL 2205929 (D. Minn. Aug. 4, 2025).

- Count III claims that Defendants violated the Americans with Disabilities Act by failing to provide Macon "disability accommodations" and by continuing certain "enforcement" despite Macon's "medical incapacity."  (Id. ¶ 23.)

- Count IV alleges that Defendants violated the Rehabilitation Act because they "ignored federal disability requirements."  (Id. ¶ 24.)

- Count V claims "negligence/gross negligence" based on Defendants' alleged failures to follow "required procedures" when determining Macon's obligations.  (Id. ¶ 25. (capitalization amended).)

- Count VI asserts "administrative misrepresentation/recklessness" based on the State of Minnesota's use of incorrect financial information and its refusal to "correct its records despite notice." (Id. ¶ 26 (capitalization amended).)

For relief, Macon requests "declaratory relief," "[c]orrection of . . . inaccurate records," "[p]rotection and restoration" of unspecified "parental rights," damages, and unspecified "[p]olicy and procedural reforms."  (Id. at 4.)

Rather than pay this action's filing fee, Macon submitted the IFP Application, which suggests that as a financial matter, he may well qualify for in forma pauperis ("IFP") status. (See Doc. 3.) But under the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [an IFP proceeding] at any time if the court determines that . . . the action . . . is frivolous . . . ."  28 U.S.C. § 1915(e)(2).

4

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also, e.g., Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Neitzke).  Courts in this District routinely dismiss complaints as factually frivolous when they fail to allege how a defendant's actions establish liability.  See, e.g., Yang v. Minn. Dep't of Corr.-Stillwater, No. 25-CV-0542 (JMB/DTS), 2025 WL 1238087, at *2 (D. Minn. Mar. 24, 2025) (collecting cases), R&R adopted, 2025 WL 1235410 (D. Minn. Apr. 29, 2025); Nelson v. Ellison, No. 23-CV-2122 (JRT/LIB), 2023 WL 7741273, at *3 (D. Minn. Oct. 27, 2023) (same), R&R adopted, 2023 WL 7697051 (D. Minn. Nov. 15, 2023).

This rule undercuts the present Complaint.  The Complaint contains no specific allegations directed at either the Hennepin County Child Support Office or any of the purported John or Jane Does.  The Complaint does allege conduct by the State of Minnesota, and references to state agencies might be read as referring to the Minnesota Department of Human Services.  But those Defendants have already been dismissed on Eleventh Amendment sovereign-immunity grounds.  They were the Complaint's predominant focus, and their dismissal leaves no factual detail about what the remaining Defendants did that could generate liability to Macon.

5

The Court therefore dismisses this action in its entirety as frivolous.[4]

Given this determination, the Court also denies the IFP Application as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings

herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiff Brandon D. Macon's Civil Complaint for Damages and Declaratory Relief **[Doc. 1]** is **DISMISSED WITHOUT PREJUDICE**, as frivolous, under 28 U.S.C. § 1915(e)(2).

2.  Macon's Application to Proceed in District Court Without Prepaying Fees or Costs **[Doc. 3]** is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 27, 2026                    s/Michael J. Davis
                                         Michael J. Davis
                                         United States District Court

---

[4] The dismissal is without prejudice, meaning that Macon may refile if he chooses. The Court notes, however, that even setting aside the Complaint's lack of specific allegations about the remaining Defendants, it faces other significant pleading problems. First, the "Hennepin County Child Support Office" is not a suable entity; Macon likely needs to sue Hennepin County itself. Second, a municipality like Hennepin County cannot be liable simply because it employs individuals who violate a plaintiff's constitutional rights; broadly speaking, Macon must instead allege that the relevant conduct reflected an official municipal policy or an unofficial but widespread municipal custom. The current Complaint does not do so. Third, Macon's equal-protection allegations, and his claims under the Americans with Disabilities Act and the Rehabilitation Act, are entirely conclusory. More factual detail is needed before these allegations plausibly state claims for which a federal court could grant relief.